Bill Lann Lee (SBN 108452)
Kelly M. Dermody (SBN 171716)
Eve H. Cervantez (SBN 164709)
Elizabeth A. Alexander (pro hac vice)
Jahan C. Sagafi (SBN 224887)
Nirej S. Sekhon (SBN 213358)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Thomas A. Saenz (SBN 159430)
Shaheena Ahmad Simons (SBN 225520)
MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND
634 South Spring Street
Los Angeles, CA  90014
Telephone:  (213) 629-2512
Facsimile:  (213) 629-0266

Joseph C. Kohn
Martin J. D'Urso
Hilary Cohen
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
Telephone:  (215) 238-1700
Facsimile:  (215) 238-1968

Jack W. Lee, Esq. (SBN 071626)
Lisa Duarte, Esq. (SBN 169750)
John Ota, Esq. (SBN 195532)
MINAMI, LEW & TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108
Telephone:  (415) 788-9000
Facsimile:  Fax (415) 398-3887

Douglas R. Young
Sandra A. Kearney
FARELLA BRAUN + MARTEL, LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4481

Thomas Brennan Ridgley
Jonathan M. Norman
Sandra J. Anderson
Mark A. Knueve
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008
Telephone: 614-464-6400
Facsimile: 614-464-6350

Anna Y. Park (SBN 164242)
Peter F. Laura (SBN 116426)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012

John C. Hendrickson (IL SBN 1187589)
Gregory M. Gochanour (IL SBN 6210804)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
500 West Madison Street, Suite 2800
Chicago, IL 60661

*Attorneys for Plaintiffs and Defendants* [Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GONZALEZ, ANTHONY OCAMPO, ENCARNACION GUTIERREZ, JOHAN MONTOYA, JUANCARLOS GÓMEZ-MONTEJANO, JENNIFER LU, AUSTIN CHU, IVY NGUYEN, ANGELINE WU, ERIC FIGHT, CARLA GRUBB, DAVID CULPEPPER, PATRICE DOUGLASS, and ROBAIR SHERROD, BRANDY HAWK and ANDRE | Case Nos.  03-2817 SI, 04-4730 SI and 04-4731 SI<br><br>**STIPULATION OF PROPOSED SETTLEMENT AND [PROPOSED] ORDER OF PRELIMINARY APPROVAL OF PROPOSED CONSENT DECREE** |

1  STEELE, on behalf of themselves and all others similarly situated,

2  
   Plaintiffs,

3  
       v.

4  
   ABERCROMBIE & FITCH STORES, INC., A&F
5  CALIFORNIA, LLC, A&F OHIO, INC., and
   ABERCROMBIE & FITCH MANAGEMENT
6  CO.,

7       Defendants.

8  
   ELIZABETH WEST and JENNIFER LU,
9  
       Plaintiffs,
10 
       v.
11 
   ABERCROMBIE & FITCH STORES, INC., A&F
12 CALIFORNIA, LLC, A&F OHIO, INC., and
   ABERCROMBIE & FITCH MANAGEMENT
13 CO.,

14      Defendants.

15 
   EQUAL EMPLOYMENT OPPORTUNITY
16 COMMISSION,

17      v.

18 ABERCROMBIE & FITCH STORES, INC., A&F
   CALIFORNIA, LLC, A&F OHIO, INC., and
19 ABERCROMBIE & FITCH MANAGEMENT
   CO.
20 
        Defendants.
21

22

23

24

25

26

27

28

1  Plaintiffs in the above-captioned Gonzalez action have alleged that Abercrombie
2  & Fitch Stores, Inc. and related companies ("Abercrombie," the "Defendant" or the "Company")
3  utilized and maintained discriminatory employment policies and practices against its African-
4  American, Latino and Asian American (hereafter "Minority") applicants and employees in
5  violation of Title VII of the Civil Rights Act of 1964, as amended, 74 U.S.C. § 2000 et seq.
6  ("Title VII"), 42 U.S.C. § 1981, and the California Fair Employment and Housing Act, Cal. Gov.
7  Code §§ 12940 et seq. (the "FEHA"). Plaintiffs in the above-captioned West action have alleged
8  that Abercrombie utilized and maintained discriminatory employment policies and practices
9  against its female applicants and employees in violation of Title VII and FEHA. The U. S. Equal
10 Employment Opportunity Commission ("EEOC) alleged in its enforcment action that
11 Abercrombie engaged in discriminatory practices against both Minority and women applicants
12 and employees in violation of Title VII.

13  Abercrombie has completely denied the allegations of Plaintiffs and the EEOC in
14 their complaints.

15  The parties entered into court-ordered mediation for the purpose of attempting to
16 settle the claims asserted. Those negotiations have been successful. Subject to the provisions in
17 this Stipulation, Plaintiffs, the EEOC, and Defendant have agreed to the entry of the proposed
18 Consent Decree submitted concurrently with this Stipulation and Order and attached hereto as
19 Exhibit 1 (hereafter "Consent Decree" or "Decree"), as a full settlement of the actions. By
20 entering into this Stipulation, Abercrombie continues to deny all allegations of unlawful race,
21 ethnicity and gender discrimination contained in the Complaints of EEOC and the Plaintiffs. Nor
22 does Abercrombie admit or concede that it has, in any manner, violated Title VII, § 1981, the
23 FEHA or any other fair employment law prohibiting race, ethnicity and/or gender discrimination.

24  Plaintiffs and Abercrombie have further agreed that the settlement of this case
25 should proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure as
26 described below, in order that this settlement will constitute a final and complete adjudication of
27 the parties' and class members' rights, liabilities and obligations as set forth in the Consent
28 Decree.

1   Plaintiffs assert they have presented evidence that the class certification
2 requirements of Rule 23(a) and Rule 23(b)(2) and (b)(3) have been met. For purposes of
3 settlement only, Defendant acknowledges that the evidence presented by Plaintiffs provides an
4 arguable basis for finding those requirements have been met, and, for settlement purposes only,
5 consents to the class certification sought in this Stipulation.
6   Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, Plaintiffs and
7 Defendant, through their respective counsel, jointly stipulate that the Court enter an Order as
8 follows:
9   1.   For purposes of settlement only, this case shall proceed as a class action
10 pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for equitable relief and
11 pursuant to Rule 23(b)(3) for purposes of monetary relief. The class represented by Plaintiffs (the
12 "Settlement Class") shall be as follows:
13   a.   For purposes of the monetary relief provided in the proposed
14 Decree, the Settlement Class is conditionally certified pursuant to Fed. R. Civ. P. 23(b)(3) and
15 consists of:
16   (i)   All Minority and/or female applicants who applied for
17   employment as in-store hourly or managerial employees (hereafter
18   "Associates") in Abercrombie stores, or attempted to apply and
19   were discouraged from applying for employment, between
20   February 24, 1999 and the Preliminary Approval Date and who
21   were not hired, except those who file a timely request to opt out of
22   the monetary relief provisions.
23   (ii)   All Minority and/or female Associates of Abercrombie who
24   are or were employed in an Abercrombie store, for any length of
25   time, between February 24, 1999, and the Preliminary Approval
26   Date, except those who file a timely request to opt out of the
27   monetary relief provisions.
28

      b.      For purposes of the equitable and declaratory relief provided in the proposed Decree, the Settlement Class is conditionally certified pursuant to Fed. R. Civ. P. 23(b)(2) and consists of:

      (i)      All Minority and/or female applicants who applied for employment as Associates in Abercrombie stores, or attempted to apply and were discouraged from applying for employment, between February 24, 1999 and the Preliminary Approval Date and who were not hired.

      (ii)      All Minority and/or female Associates of Abercrombie who are or were employed in an Abercrombie store, for any length of time, between February 24, 1999, and the Preliminary Approval Date.

      2.      Should this Court or any reviewing court on direct appeal and/or on writ of <u>certiorari</u> to the Supreme Court of the United States from a direct appeal to the U.S. Court of Appeals for the Ninth Circuit refuse to approve this Consent Decree or require modification to this Decree, the Decree, including any stipulated class certification orders, shall be null and void, inadmissible and unusable in any court or proceeding regarding any issues whatsoever and shall not be considered a binding settlement agreement, unless Plaintiffs and Abercrombie each expressly and voluntarily approve in writing any such required modification by this Court or by the reviewing court.

BASED ON THE ABOVE STIPULATIONS, STATEMENTS OF COUNSEL FOR THE PARTIES AND THE ENTIRE RECORD BEFORE THE COURT, THE COURT FINDS AS FOLLOWS:

      The parties have conditionally agreed to a proposed settlement. It appears to the Court that the proposed settlement and Consent Decree are the result of extensive, arms-length negotiations between the parties after extensive litigation including discovery of company policies, practices, and statistical data; administrative investigation by a federal agency, the Equal Employment Opportunity Commission (hereafter "EEOC"); and other exchanges of information

and discussions, and the assistance of a mediator.  After reviewing the terms of the proposed Consent Decree in the context of the record in this action and the controlling legal authority, the Court finds that the proposed Consent Decree is sufficiently reasonable, adequate, fair and consistent with relevant state and federal law, to warrant notice thereof to members of the Settlement Class and a full hearing thereon.

IT IS THEREFORE ORDERED THAT:

   1.   The Consent Decree and the settlement it embodies are hereby PRELIMINARILY APPROVED.  Final approval and entry of the Consent Decree is subject to the hearing of any objections of members of the Settlement Class to the proposed settlement embodied in the Consent Decree.

   2.   Pending the determination of the fairness of the Consent Decree, all further litigation of the consolidated actions is STAYED.

   3.   For purposes of settlement only as set forth in the Consent Decree, the Court hereby CERTIFIES the Gonzalez v. Abercrombie & Fitch and West v. Abercrombie & Fitch actions as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure for purposes of declaratory and equitable relief, and pursuant to Rule 23(b)(3) for purposes of monetary relief and hereby DESIGNATES a Settlement Class as follows:

   a.   For purposes of the monetary relief provided in the proposed Decree, the Settlement Class is conditionally certified pursuant to Fed. R. Civ. P. 23(b)(3) and consists of:

   (i)   All Minority and/or female applicants who applied for employment as Associates in Abercrombie stores, or attempted to apply and were discouraged from applying for employment, between February 24, 1999 and the Preliminary Approval Date and who were not hired, except those who file a timely request to opt out of the monetary relief provisions.

   (ii)   All Minority and/or female Associates of Abercrombie who are or were employed in an Abercrombie store, for any length of

time, between February 24, 1999, and the Preliminary Approval Date, except those who file a timely request to opt out of the monetary relief provisions.

  b. For purposes of the equitable and declaratory relief provided in the proposed Decree, the Settlement Class is conditionally certified pursuant to Fed. R. Civ. P. 23(b)(2) and consists of:

    (i) All Minority and/or female applicants who applied for employment as Associates in Abercrombie stores, or attempted to apply and were discouraged from applying for employment, between February 24, 1999 and the Preliminary Approval Date and who were not hired.

    (ii) All Minority and/or female Associates of Abercrombie who are or were employed in an Abercrombie store, for any length of time, between February 24, 1999, and the Preliminary Approval Date.

4. Should this Court or any reviewing court on direct appeal and/or on writ of <u>certiorari</u> to the Supreme Court of the United States from a direct appeal to the U.S. Court of Appeals for the Ninth Circuit refuse to approve this Consent Decree or require modification to this Decree, the Decree (and any stipulated class certification orders) shall be null and void, inadmissible and unusable in any court or proceeding regarding any issue whatsoever, and the Decree shall not be considered a binding settlement agreement, unless Plaintiffs, EEOC and Abercrombie each expressly and voluntarily approve in writing any such required modification by this Court or by the reviewing court.

5. <u>Notice of Procedures</u>

  a. <u>Publication Notice</u>

Within sixty (60) days of the entry of this Order, the Company shall begin publication of the Notice set forth as Exhibit 2 hereto in the publications and internet media identified in Exhibit 3 hereto.

          b.    <u>Claims Adminstrator</u>

The Claims Adminstrator shall be Gonzalez v. Abercrombie Claims Administrator, P.O. Box 10564, Tallahassee, FL 32302-2564, telephone: (866) 854-4175.

          c.    <u>Mailed Notice</u>

Within twenty (20) days of entry of this Order, Abercrombie shall provide the Claims Administrator with a computer disk containing the full names, social security numbers, last known addresses and phone numbers, start dates, and, as applicable, end dates of employment with Abercrombie for all Associates employed by Abercrombie at any time from February 24, 1999 through the Preliminary Approval Date who are potential Settlement Class members. It is understood, and acceptable, that Abercrombie only has such data available for Associates who were employed on January 1, 2000 and thereafter, which necessarily will include some, but not all, Associates employed between February 24 and December 31, 1999. Within twenty (20) days of entry of this Order, Plaintiffs' Lead Counsel shall provide the Claims Administrator with a computer readable list of all known potential Settlement Class members and their mailing addresses. Prior to the mailing of the Notices, the Claims Administrator will combine these lists of potential Settlement Class members received from Abercrombie and Lead Counsel and update any new address information for potential class members as may be available through the National Change of Address system. The Claims Administrator shall determine through a computer database search the most recent address that may be obtained for each person on the combined list of potential Settlement Class members. Within sixty (60) days of the entry of this Order, the Claims Administrator shall mail, via first class postage, Notice of Class Settlement (as set forth in Exhibit 4 hereto), the Claim Form (as set forth as exhibit 5 hereto), and the Explanation of Claims Procedure (as set forth in Exhibit 6 hereto) to all known potential Settlement Class members at their last known address and at the most recent address that may have been obtained through the computer database search.

6.    The manner and forms of Notices and the Claim Forms and Instructions attached to this Stipulation and Order as Exhibits 2, 3, 4, 5, and 6 are hereby found, under the circumstances, to constitute the most effective and practicable notice of the pendency of the class

1  action, proposed settlement and fairness hearing to all class members who can be identified

2  through reasonable effort and constitute due and sufficient notice for all other purposes to all

3  persons entitled to receive notice required by due process and Rule 23 of the Federal Rules of

4  Procedure.  Pursuant to the parties' agreement, Abercrombie shall pay all costs of the publication

5  Notice process, which will not exceed $600,000.00, and will advance the costs of preparing,

6  distributing and/or mailing the mailed Notices as provided in Section XVII.A.4.a. of the Decree.

7           7.      Eligible members of the Settlement Class shall have until _____ __,

8  2005 (the "Claim Filing Deadline"), within which to complete and file their Claim Forms.  Such

9  Claim Forms shall be filed with the Claims Administrator at Gonzalez v. Abercrombie Claims

10 Administrator, P.O. Box 10564, Tallahassee, FL 32302-2564.  Claim Forms will be deemed filed

11 on the postmark date shown on the envelope in which the completed Claim Form is mailed to the

12 Claims Administrator.  Failure to postmark a completed Claim Form by the Claim Filing

13 Deadline shall bar the settlement Class member from having his or her request for a monetary

14 award considered or from receiving any monetary award pursuant to the proposed Consent

15 Decree.  Settlement Class members who do not file timely and valid Claim Forms shall

16 nonetheless be bound by the judgment and release in this action as set forth in the proposed

17 Consent Decree.

18          8.      It shall be the sole responsibility of each member of the Settlement Class

19 who seeks a monetary award to notify the Claims Administrator if the class member changes his

20 or her address.  Failure of a Settlement Class member to keep the Claims Administrator apprised

21 of his or her address may result in his or her claim being denied or forfeited.

22          9.      A hearing pursuant to Rule 23(e), Federal Rules of Civil Procedure (the

23 "Fairness Hearing"), shall be held at __ _.m. on _____ __, 2005, at the United States

24 District Courthouse, Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco,

25 California, at which time the Court shall consider the fairness of the Consent Decree and whether

26 it should be approved and entered by the Court.  If any attorney will be representing a class

27 member objecting to the Consent Decree, the attorney shall file a notice of appearance with the

28

1  Court and serve counsel for all parties on or before _____ __ , 2005 [30 days before the
2  Fairness Hearing].

3       10.  Any member of the Settlement Class may object to the proposed Consent
4  Decree by filing an objection and, if he or she so desires, appearing at the Fairness Hearing.  To
5  be considered by the Court, however any objection to the final approval of the Consent Decree
6  must state the basis for the objection and must be timely filed in writing, along with any other
7  papers the class member wishes the Court to consider, with the Claims Administrator, Gonzalez
8  v. Abercrombie Claims Administrator, P.O. Box 10564, Tallahassee, FL 32302-2564 on or before
9  _____ __, 2005 [30 days before the Fairness Hearing].  Any member of the class who
10 does not timely file and serve such a written objection shall not be permitted to raise such
11 objection, except for good cause shown, and any member of the class who fails to object in the
12 manner prescribed herein shall be deemed to have waived, and shall be foreclosed from raising
13 any such objection.  The Claims Administrator shall record the date of receipt of each objection
14 and shall forward  copies of each objection to Abercrombie and to Plaintiffs' Lead Counsel within
15 two (2) business days following receipt.  The Claims Adminstrator shall also file the original of
16 each objection with the Clerk of the Court no later than five (5) days prior to the Fairness Hearing
17 date.

18      11.  If objections are filed, Class Counsel, the EEOC or counsel for
19 Abercrombie may engage in discovery concerning the filed objections prior to the Fairness
20 Hearing.  Class Counsel and Abercrombie shall serve on each other and file with the Court on or
21 before three (3) days prior to the Fairness Hearing any further documents in support of the
22 proposed Consent Decree, including responses to any papers filed by Settlement Class members.

23      12.  Consistent with Section VII of the proposed Consent Decree providing for
24 certification of the Settlement Class under Federal Rules of Civil Procedure 23(b)(3) for purposes
25 of monetary relief, and in according with the requirement of Federal Rules of Civil Procedure
26 23(b)(3), any potential Settlement Class member may request exclusion from the class, but only
27 for purposes of opting-out of the monetary relief provisions.
28

13. Potential class members who wish to exclude themselves from membership in the Settlement Class for purposes of participation in the monetary portion of the settlement must do so in writing, by mailing a signed and dated "Opt-out" statement to the Claims Administrator at Gonzalez v. Abercrombie Claims Administrator, P.O. Box 10564, Tallahassee, FL 32302-2564 on or before _____ ___, 2005 [30 days before the Fairness Hearing]. Opt-out statements shall at a minimum contain the following language:

> I am a Settlement Class Member in the lawsuit of Gonzalez v. Abercrombie & Fitch, Case No. 03-2817 or West v. Abercrombie & Fitch, Case No. 04-4730. I wish to opt out of the monetary portion of the settlement of this case.
>
> I understand that I am requesting to be excluded from the class monetary settlement and that I will receive no money from the settlement fund created under the Consent Decree entered into by Abercrombie. I understand that if I am excluded from the class monetary settlement, I may be able to bring a separate legal action seeking damages, but may receive nothing or less than what I would have received if I had filed a claim under the class monetary settlement procedure in this case. I also understand that I may not seek exclusion from the class for injunctive relief and that I am bound by the injunctive provisions of the Consent Decree entered into by Abercrombie.

Only those class members who request exclusion in the time and manner set forth herein shall be excluded from the class for monetary relief purposes. Pursuant to the Federal Rules of Civil Procedure 23(b)(3) and (c)(2), the terms and provisions of the Consent Decree concerning monetary relief shall have no binding effect on any person who makes a timely request for exclusion in the manner required by this Order.

The Claims Administrator shall date stamp the original of each Opt-out statement and serve copies on Abercrombie, Plaintiffs' Lead Counsel and the EEOC within two (2) business days of receipt of such statement. The Claims Administrator shall also file the original Opt-out statements with the Clerk of the Court no later than five (5) days prior to the Fairness Hearing date.

14. Subject to Court approval, class members will be permitted to withdraw objections or requests for exclusion from the monetary provisions of the Decree by submitting a Rescission to the Claims Administrator at Gonzalez v. Abercrombie Claims Adminstrator, P.O.

Box 10564, Tallahassee, FL 32302-2564 up to but not later than _____ __, 2005 [the Claim Filing Deadline].  A Rescission of Objection that shall at a minimum contain the following language:

> I am a Settlement Class Member in the lawsuit of <u>Gonzalez v. Abercrombie & Fitch</u>, Case No. 03-2817 or <u>West v. Abercrombie & Fitch</u>, Case No. 04-4730.
>
> I previously submitted an Objection seeking to object to the class settlement.  I have reconsidered and wish to withdraw my Objection.  I understand that by rescinding my Objection I may not object to the settlement and may be eligible to receive an award from the claims settlement fund and may not bring a separate legal action against Abercrombie seeking damages.

A rescission of a request for exclusion from the monetary provisions of the Decree shall at a minimum contain the following language:

> I am a Settlement Class Member in the lawsuit of <u>Gonzalez v. Abercrombie & Fitch</u>, Case No. 03-2817 or <u>West v. Abercrombie & Fitch</u>, Case No. 04-4730.
>
> I previously submitted an Opt-out statement seeking exclusion from the class monetary settlement.  I have reconsidered and wish to withdraw my Opt-out statement.  I understand that by rescinding my Opt-out I may be eligible to receive an award from the claims settlement fund and may not bring a separate legal action against Abercrombie seeking damages.

A class member submitting such a rescission statement shall sign and date the statement.

The Claims Administrator shall date stamp the original of each rescission statement and serve copies on both Abercrombie and Plaintiffs' Lead Counsel within two (2) business days of receipt of such statement.  The Claims Administrator shall also file the rescission statements with the Clerk of the Court no later than five (5) days prior to the Fairness Hearing date.

Dated: November 12, 2004

Respectfully submitted,

| | |
|---|---|
| Thomas A. Saenz<br>Shaheena Ahmad Simons<br>MEXICAN AMERICAN LEGAL DEFENSE<br>    AND EDUCATIONAL FUND<br>634 South Spring Street, 11th Floor<br>Los Angeles, CA 90014 | Bill Lann Lee<br>Kelly M. Dermody<br>Eve H. Cervantez<br>Elizabeth A. Alexander (pro hac vice)<br>Jahan C. Sagafi<br>Nirej S. Sekhon<br>LIEFF, CABRASER, HEIMANN<br>    & BERNSTEIN, LLP<br>275 Battery Street, 30th Floor<br>San Francisco, CA 94111-3339 |
| Julie Su<br>Minah Park<br>ASIAN PACIFIC AMERICAN LEGAL<br>    CENTER<br>1145 Wilshire Blvd., 2nd Floor<br>Los Angeles, CA 90017 | Joseph C. Kohn<br>Martin J. D'Urso<br>Hilary Cohen<br>KOHN, SWIFT & GRAF, P.C.<br>One South Broad Street<br>Philadelphia, PA 19107 |
| Kimberly West-Faulcon<br>NAACP LEGAL DEFENSE AND<br>    EDUCATIONAL FUND, INC.<br>1055 Wilshire Blvd., Suite 1480<br>Los Angeles, CA 90017 | Bryan L. Clobes<br>Melody Forrester<br>Jeffrey D. Lerner<br>MILLER FAUCHER AND CAFFERTY<br>One Logan Square, Suite 1700<br>Philadelphia, PA 19103 |
| Sidney L. Gold<br>Traci M. Greenberg<br>SIDNEY L. GOLD & ASSOCIATES, P.C.<br>1835 Market Street<br>Philadelphia, PA 19103 | Cleo Fields<br>THE FIELDS LAW FIRM, L.L.C.<br>2147 Government Street<br>Baton Rouge, LA |
| James F. Keller<br>Zachary Gottesman<br>GOTTESMAN & ASSOCIATES<br>2121 URS Center<br>36 East 7th Street<br>Cincinnati, OH 45202 | Barry L. Goldstein<br>GOLDSTEIN, DEMSCHAK, BALLER,<br>BORGEN & DARDARIAN<br>300 Lakeside Avenue<br>Oakland, CA 94612 |

| | | |
|---|---|---|
| 1 | November 12, 2004 | _____/s/_____ |
| 2 | | Bill Lann Lee |
| | | LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP |
| 3 | | 275 Battery Street, 30th Floor |
| | | San Francisco, CA  94111-3339 |

Jack W. Lee, Esq. (SBN 071626)
Lisa Duarte, Esq. (SBN 169750)
John Ota, Esq. (SBN 195532)
MINAMI, LEW & TAMAKI LLP
360 Post Street, 8th Floor
San Francisco, CA 94108

November 12, 2004                    _____/s/_____
                                     Jack W. Lee
                                     MINAMI, LEW & TAMAKI LLP
                                     360 Post Street, 8th Floor
                                     San Francisco, CA 94108

*Attorneys for Plaintiff West, et al.*

November 12, 2004

ERIC S. DREIBAND  
General Counsel

JAMES LEE  
Deputy General Counsel

GWENDOLYN YOUNG REAMS  
Associate General Counsel

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
1801 "L" Street, N.W.  
Washington, D.C. 20507

By:  _____/s/_____  
    ANNA Y. PARK  
    Regional Attorney

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
255 East Temple Street, 4th Floor  
Los Angeles, CA 90012

By:  _____/s/_____

    JOHN C. HENDRICKSON  
    Regional Attorney  
    GREGORY M. GOCHANOUR  
    Supervisory Trial Attorney

U.S. EQUAL EMPLOYMENT  
OPPORTUNITY COMMISSION  
500 West Madison Street, Suite 2800  
Chicago, IL 60661

1 | November 12, 2004

Douglas R. Young
Sandra A. Kearney
FARELLA BRAUN + MARTEL, LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104

Thomas Brennan Ridgley
Jonathan M. Norman
Sandra J. Anderson
Mark A. Knueve
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216-1008

_____/s/_____
Douglas R. Young
Sandra A. Kearney
FARELLA BRAUN + MARTEL, LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104

*Attorneys for Defendant Abercrombie & Fitch, et al.*

### ORDER

IT IS SO ORDERED.

Dated: November ___, 2004

_____
The Honorable Susan Illston
UNITED STATES DISTRICT JUDGE