United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GONZALEZ, *et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> ABERCROMBIE & FITCH CO., *et al.*, <br><br>  Defendants. | No. C 03-2817 SI <br> Related Cases: No. C 04-4730, No. C 04-4731 <br><br> **ORDER AFFIRMING SPECIAL MASTER'S DECISION** |

Plaintiffs' appeal of the Special Master's decision regarding Abercrombie's motion to dismiss dispute resolution and enforcement proceedings is scheduled for a hearing on August 15, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court DENIES plaintiffs' motion, and AFFIRMS the Special Master's decision.

**DISCUSSION**

Plaintiffs challenge the Special Master's April 24, 2008 Decision Regarding Abercrombie's Motion to Dismiss.[1] In that decision, the Special Master dismissed enforcement and dispute resolution proceedings initiated by plaintiffs concerning Abercrombie's compliance with the marketing diversity requirement of the Consent Decree. The Special Master held that the Consent Decree permits plaintiff to assert a violation of the marketing diversity requirement under two circumstances only, and that

---

[1] Defendants state that plaintiffs are also appealing the Special Master's May 6, 2008 Decision Regarding Lead Counsel's Motion for Reconsideration and/or Clarification. However, neither plaintiffs' motion nor reply brief addresses the May 6, 2008 decision, and thus the Court will not review it.

plaintiffs' December 10, 2007 letter initiating dispute resolution proceedings asserted a violation of that requirement in a manner not permitted by the Decree. Plaintiffs seek an order reversing the Special Master's decision, approving the Monitor's use of census numbers to measure Abercrombie's compliance with the marketing diversity requirement, and ordering the parties to meet and confer with the Monitor regarding what steps Abercrombie should take to ensure future compliance with that requirement.

Plaintiffs do not dispute that the Consent Decree limits the circumstances under which plaintiffs can seek relief for a violation of the marketing diversity requirement, nor do they contend that the current matter falls under one of the authorized circumstances. Plaintiffs assert that while plaintiffs agreed to limit when *they* could independently assert a violation of the marketing diversity requirement and limit the remedies *they* could obtain based upon such a violation, nothing in the Consent Decree limits the Court's authority to enforce the Decree's marketing diversity requirement. Plaintiffs argue that the Court possesses such authority both by virtue of Section V of the Decree, which provides that the Court shall retain jurisdiction for the purpose of issuing orders "that may be necessary to implement the relief provided," and also due to the special nature of the Consent Decree, which is akin to a Court order since it was approved by the Court.

The Court is not persuaded by plaintiffs' arguments. As the Special Master found, the parties carefully negotiated the language of the Consent Decree to (1) impose a marketing diversity requirement on Abercrombie (Section X.C.1); (2) delineate the two circumstances under which plaintiffs could initiate the dispute resolution process in the event of an alleged breach of that requirement (Sections X.C.1.a and b); (3) authorize the Monitor to review compliance with the objectives of the Decree (Section X.C.2); and (4) state that no one has the authority to alter or seek to alter Abercrombie's marketing materials (Section X.C.2). The Court notes that the Consent Decree does not contain any specific benchmarks concerning marketing materials, such as the use of census data which plaintiffs ask this Court to approve. Similarly, while the Consent Decree empowers the Monitor to evaluate Abercrombie's marketing, it does not authorize the Monitor to initiate the dispute resolution process or otherwise seek relief for alleged violations of the marketing diversity requirement. Although the Court agrees with plaintiffs that the Court possesses the inherent authority to enforce the terms of the Consent

2

Decree, allowing plaintiffs to initiate the dispute resolution process in the face of these provisions would, as the Special Master found, "vitiate the bargain the parties struck." Accordingly, the Court DENIES plaintiffs' motion and AFFIRMS the Special Master's decision.

**IT IS SO ORDERED.**

Dated: August 12, 2008

SUSAN ILLSTON
United States District Judge