IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GONZALEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ABERCROMBIE & FITCH CO., *et al.*, <br><br> Defendants. | No. C 03-2817 SI <br> Related Cases: No. C 04-4730, No. C 04-4731 <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO EXTEND THE CONSENT DECREE** |

Plaintiffs' motion to extend the consent decree is scheduled for a hearing on April 8, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**DISCUSSION**

The consent decree in these related cases is set to expire on April 14, 2011. Plaintiffs seek an extension of the consent decree to allow for (1) review of the Special Master's decision on a pending enforcement proceeding, (2) the Monitor to prepare and submit a Sixth Annual Compliance Report, and (3) the Court to hold a status conference with the parties to review defendant's compliance at the end of the decree.

The Special Master is expected to issue a decision on the pending enforcement proceeding on or around April 11, 2011. Plaintiffs assert that one or both of the parties will likely appeal the Special Master's decision to this Court, and that a brief extension of the consent decree is necessary to afford the Court the opportunity to hear and decide the compliance issues raised in the enforcement proceeding.

With regard to the proposed Sixth Annual Compliance Report, the consent decree contains no provision requiring reporting by Abercrombie or the Monitor after its expiration. Plaintiffs assert that, per usual procedure, the Monitor has prepared compliance reports evaluating defendants' compliance with the decree during the preceding year. The proposed Sixth Annual Compliance Report would cover the period May 2010 to April 2011. Plaintiffs state that "[u]nder the parties' usual schedule, Abercrombie will need approximately two months to submit its report to the Monitor after the end of the sixth year (April 30, 2011), and the Monitor will need another two months to write his report." Motion at 2:27-3:2. Plaintiffs request that the Court require Abercrombie to submit its report to the Monitor by June 30, 2011, and allow the Monitor to issue the Sixth Annual Compliance Report by August 31, 2011. Plaintiffs also request that the Court schedule a status conference to evaluate Abercrombie's compliance with the terms of the consent decree after the submission of the Sixth Annual Compliance Report.

With respect to modifying or extending the consent decree, the consent decree states in pertinent part:

> In the event that changed or other circumstances make a modification of the Decree necessary to ensure its purposes are fully effectuated, but good faith negotiations seeking such modifications are unsuccessful, any party to this Decree shall have the right to move the Court to modify this Decree. Such motion shall be granted only upon the movant proving to the Court by clear and convincing evidence that changed or other circumstances make such modification necessary. In determining the specific modification to order, the Court shall consider whether there is an equally effective modification that would not materially increase the burden of compliance and/or cost to Abercrombie of compliance (out-of-pocket or otherwise). Any such modification to this Decree by the Court shall be ordered in such a fashion as will limit the burden of compliance and/or the cost to Abercrombie (out-of-pocket or otherwise) to the extent possible consistent with effectuating the purposes of this Decree. The procedures for negotiations to modify this Decree (and, if necessary, for resolution of disputes) shall be the same as those set forth in Section X.B., regarding Decree enforcement.

Consent Decree, Section IX.B.2 (Docket No. 141).

Section X.B. sets forth the procedures to resolution of disputes relating to modifications of the consent decree. Section X.B.2 states, "The Special Master shall have the authority to resolve all disputes arising under the Decree, subject to limitations and standards set forth in the Decree." Section X.B.4 sets forth the process by which disputes are submitted to and decided by the Special Master. Section X.B.5 provides,

2

> The provisions of this Section do not prevent Lead Counsel, EEOC or Abercrombie from promptly bringing an issue directly before the Court when exigent facts or circumstances require immediate Court action to prevent a serious violation of the terms of this Decree, which otherwise would be without meaningful remedy. The moving papers shall explain the facts and circumstances that allegedly necessitate immediate action by the Court. Absent a showing of exigent facts or circumstances, the Court shall refer the matter to the Special Master to resolve in accordance with procedures set forth above.

*Id*. Section X.B.5.

Defendants contend that the Court should deny plaintiffs' motion to modify the consent decree because plaintiffs have not shown "exigent circumstances," nor have plaintiffs shown by "clear and convincing evidence that changed or other circumstances make modification necessary." Defendants argue that plaintiffs have not met their burden because (1) plaintiffs have delayed in prosecuting the enforcement action before the Special Master, and (2) the plain language of the consent decree, which was negotiated extensively by the parties, does not require any reporting by either Abercrombie or the Monitor after the expiration of the consent decree.

Based upon the record before the Court, the Court finds no evidence that plaintiffs have delayed in prosecuting the enforcement action before the Special Master. The Court also finds that plaintiffs have met their burden to show that the consent decree should be modified in order to allow for the Court's review of an appeal from the Special Master's decision, in the event that such an appeal is taken. Absent an extension of the consent decree, there would not be time to review the Special Master's decision, which is expected to be issued on April 11, 2011. Defendants assert that an extension is not necessary to "prevent a serious violation of the terms of this Decree, which otherwise would be without meaningful remedy," but they do not explain how any appeal of the Special Master's order could be heard and resolved prior to the expiration of the consent decree.

However, the Court agrees with defendants that plaintiffs have not shown a basis to modify the consent decree to require reporting after the expiration of the consent decree. Plaintiffs assert that the consent decree "clearly contemplates" that the Monitor would prepare a Sixth Annual Compliance Report. However, the consent decree does not require the Monitor to prepare such a report. Further, the Monitor can only prepare his report after Abercrombie prepares its report, and the consent decree only requires Abercrombie to prepare reports during the term of the consent decree, not after. *See* Consent Decree, Section X.V.D. Plaintiffs argue that without the requested modification, the Monitor

3

and the Court will not have an opportunity to review and assess defendants' compliance during the last scheduled year of the decree. While this may be true,[1] plaintiffs have not shown "exigent circumstances" or by "clear and convincing evidence" that this modification is necessary. The parties negotiated the reporting requirements and the term of the consent decree, and the parties could have included language in the consent decree requiring compliance reporting after the expiration of the consent decree; they did not.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to extend the consent decree. (Docket Nos. 214 & 219 in C 03-2817 SI; and Docket Nos. 51 & 54 in C 04-4730 SI; and Docket Nos. 61 & 64 in C 04-4731 SI). The consent decree shall remain in effect pending this Court's ruling on any appeals of the Special Master's order on the Motion for Resolution of Enforcement Proceedings. In the event there is an appeal of the Special Master's order, the Court will address the need, if any, for a status conference at the time the Court resolves the appeal.

**IT IS SO ORDERED.**

Dated: April 6, 2011

SUSAN ILLSTON
United States District Judge

---

[1] Although the Court and Monitor will not be able to review defendants' compliance by way of a compliance report, defendants' alleged non-compliance is at issue in the pending enforcement action, which will be subject to review in the event of an appeal to this Court.

4