1

2

3

4                      IN THE UNITED STATES DISTRICT COURT

5                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7   EDUARDO GONZALEZ, et al., on behalf of          Nos. C 03-02817 SI; C 04-4730 SI and C 04-
    themselves and all others similarly situated,    4731 SI
8
                   Plaintiffs,                       **ORDER DENYING DEFENDANTS'**
9                                                    **ADMINISTRATIVE MOTION TO SEAL**

10      v.

    ABERCROMBIE & FITCH STORES, INC., et
11  al.,

12                 Defendants.
                                                    /
13

14

15          Defendants have filed an administrative motion to file under seal the Expert Report of Dr.

16  Kathleen K. Lundquist.  Defendants are required to file the report pursuant to the Court's June 23, 2011

17  Order Affirming Special Master's Decision.  That order required defendants to perform an adverse

18  impact review and assessment of its selection criteria and consider less discriminatory alternatives, and

19  to submit a report describing that review, assessment and consideration to plaintiffs and the Court.

20          Defendants assert that Section XV.C.3 of the Consent Decree allows the report to be filed under

21  seal.  Section XV.C.3 states, *inter alia*, that "all documents that are provided to the Monitor, Lead

22  Counsel, or the EEOC under the terms of the Consent Decree, are and shall be treated as confidential

23  business records."  Consent Decree § XV.C.3.  Defendants further assert that they have established good

24  cause to file the report under seal because it contains trade secrets.  Defendants state that the report

25  contains (1) descriptions of how Abercrombie interviews, assesses and selects potential employees, (2)

26  information collected and generated during the interview process, (3) descriptions of Abercrombie's

27  future plans for its interview process, and (4) information about Abercrombie's internal record keeping.

28  Defendants assert that the disclosure of this information might allow competitors of Abercrombie to

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  anticipate and react to actions taken by Abercrombie in the competition to hire qualified and diverse

2  employees, or might help the bargaining position of companies that negotiate with Abercrombie, such

3  as vendors that provide employment-related services.

4       Plaintiffs oppose defendants' administrative motion on numerous grounds. First, plaintiffs

5  contend that the report is not "confidential" under the terms of the Consent Decree. Plaintiffs argue that

6  the report is not a "document[] that [is] provided to the Monitor, Lead Counsel, or the EEOC under the

7  terms of the Consent Decree," but rather that the report was ordered by the Court's June 23, 2011 order

8  after the expiration of the decree. In addition, plaintiffs argue that Section XV.C.3 is inapplicable

9  because the report is being filed with Court, not merely provided to the Monitor, Lead Counsel or the

10  EEOC. The Court agrees with plaintiffs that the report, which is being filed with the Court pursuant to

11  the June 23, 2011 order, does not fall within the ambit of Section XV.C.3 of the Decree.

12       Plaintiffs also argue that defendants have not demonstrated compelling reasons why the report

13  should be filed under seal. As a threshold matter, plaintiffs contend that the proper standard is

14  "compelling reasons" and not mere "good cause." In *Kamakana v. City and County of Honolulu*, 447

15  F.3d 1172 (9th Cir. 2006), the Ninth Circuit held:

16       [A] "strong presumption in favor of access" is the starting point. A party seeking to seal
     a judicial record then bears the burden of overcoming this strong presumption by
17       meeting the "compelling reasons" standard. That is, the party must "articulate[]
     compelling reasons supported by specific factual findings," that outweigh the general
18       history of access and the public policies favoring disclosure, such as the "'public interest
     in understanding the judicial process.'" In turn, the court must "conscientiously
19       balance[] the competing interests" of the public and the party who seeks to keep certain
     judicial records secret. After considering these interests, if the court decides to seal
20       certain judicial records, it must "base its decision on a compelling reason and articulate
     the factual basis for its ruling, without relying on hypothesis or conjecture."
21

22  *Id.* at 1178-79 (citations omitted).

23       The Ninth Circuit identified two exceptions to the "compelling reasons" standard. First, there

24  are certain documents that have "traditionally been kept secret for important policy reasons." *Times*

25  *Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The Ninth Circuit "has identified two

26  categories of documents that fall in this category: grand jury transcripts and warrant materials in the

27  midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178.

28       The second exception to the "compelling reasons" standard is for "a sealed discovery document

2

**United States District Court**
For the Northern District of California

1  attached to a non-dispositive motion":

2      There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and
3      nondispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need
    for access to court records attached only to non-dispositive motions because those
4      documents are often unrelated, or only tangentially related, to the underlying cause of
    action.

5      The public policies that support the right of access to dispositive motions, and related
    materials, do not apply with equal force to non-dispositive materials. . . . Thus a
6      "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to
    warrant preserving the secrecy of sealed discovery material attached to nondispositive
7      motions.

8      In sum, we treat judicial records attached to dispositive motions differently from records
    attached to non-dispositive motions. Those who seek to maintain the secrecy of
9      documents attached to dispositive motions must meet the high threshold of showing that
    "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will
10     suffice to keep sealed records attached to nondispositive motions.

11 *Id.* at 1180-81 (citations omitted).

12     The Court concludes that the "compelling reasons" standard applies here. Although defendants'

13 filing is not in connection with a dispositive motion, Dr. Lundquist's compliance report is not fairly

14 characterized as a "discovery document." More importantly, the Court-ordered compliance report

15 directly relates to the underlying cause of action in these cases. Under the reasoning of *Kamakana*, the

16 presumption of access attaches to this document unless defendants can establish compelling reasons for

17 sealing. *See Rocky Mountain Bank v. Google, Inc.*, 428 Fed. Appx. 690, 692, 2001 WL 145832 (9th Cir.

18 Apr. 15, 2011) (holding compliance report lodged with district court was "quintessential judicial

19 document" and that "[a]bsent some further determination, the public would be entitled to access to" it).

20     The Court finds that defendants have not met this burden. Defendants conclusorily assert that

21 the report contains confidential information about Abercrombie's interviewing and hiring process, but

22 defendants do not identify with any specificity which portions of Dr. Lundquist's report, if any, contain

23 non-public confidential information. As plaintiffs note, all of the parties' filings in connection with

24 plaintiffs' August 28, 2009 enforcement action – including a 54 page report by Dr. Lundquist, a critique

25 of that report by Sheldon Zedeck, and a 42 page decision by the Special Master – were filed publicly,

26 and these public documents describe in detail Abercrombie's hiring and selection process. *See*

27 *Kamahana*, 447 F.3d at 1184 (where information is already otherwise available to the public, it should

28 not be sealed).

3

1    Accordingly, defendants' administrative motion is DENIED.  This order resolves Docket No.

2  234 in C 03-2817 SI; Docket No. 64 in C 04-4730 SI; and Docket No. 76 in C 04-4731 SI.

3

4    **IT IS SO ORDERED.**

5

Dated: March 5, 2012

6                                                                        SUSAN ILLSTON
                                                                         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4