IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GONZALEZ, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ABERCROMBIE & FITCH STORES, INC., et al.,<br><br>Defendants.                                              / | Nos. C 03-02817 SI; C 04-4730 SI and C 04-4731 SI<br><br>**ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL** |

      Defendants have filed an administrative motion to file under seal the Expert Report of Dr. Kathleen K. Lundquist. Defendants are required to file the report pursuant to the Court's June 23, 2011 Order Affirming Special Master's Decision. That order required defendants to perform an adverse impact review and assessment of its selection criteria and consider less discriminatory alternatives, and to submit a report describing that review, assessment and consideration to plaintiffs and the Court.

      Defendants assert that Section XV.C.3 of the Consent Decree allows the report to be filed under seal. Section XV.C.3 states, *inter alia*, that "all documents that are provided to the Monitor, Lead Counsel, or the EEOC under the terms of the Consent Decree, are and shall be treated as confidential business records." Consent Decree § XV.C.3. Defendants further assert that they have established good cause to file the report under seal because it contains trade secrets. Defendants state that the report contains (1) descriptions of how Abercrombie interviews, assesses and selects potential employees, (2) information collected and generated during the interview process, (3) descriptions of Abercrombie's future plans for its interview process, and (4) information about Abercrombie's internal record keeping. Defendants assert that the disclosure of this information might allow competitors of Abercrombie to

anticipate and react to actions taken by Abercrombie in the competition to hire qualified and diverse employees, or might help the bargaining position of companies that negotiate with Abercrombie, such as vendors that provide employment-related services.

Plaintiffs oppose defendants' administrative motion on numerous grounds. First, plaintiffs contend that the report is not "confidential" under the terms of the Consent Decree. Plaintiffs argue that the report is not a "document[] that [is] provided to the Monitor, Lead Counsel, or the EEOC under the terms of the Consent Decree," but rather that the report was ordered by the Court's June 23, 2011 order after the expiration of the decree. In addition, plaintiffs argue that Section XV.C.3 is inapplicable because the report is being filed with Court, not merely provided to the Monitor, Lead Counsel or the EEOC. The Court agrees with plaintiffs that the report, which is being filed with the Court pursuant to the June 23, 2011 order, does not fall within the ambit of Section XV.C.3 of the Decree.

Plaintiffs also argue that defendants have not demonstrated compelling reasons why the report should be filed under seal. As a threshold matter, plaintiffs contend that the proper standard is "compelling reasons" and not mere "good cause." In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), the Ninth Circuit held:

> [A] "strong presumption in favor of access" is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must "articulate[] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" In turn, the court must "conscientiously balance[] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Id.* at 1178-79 (citations omitted).

The Ninth Circuit identified two exceptions to the "compelling reasons" standard. First, there are certain documents that have "traditionally been kept secret for important policy reasons." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). The Ninth Circuit "has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178.

The second exception to the "compelling reasons" standard is for "a sealed discovery document

attached to a non-dispositive motion":

> There are, as we explained in *Foltz*, "good reasons to distinguish between dispositive and nondispositive motions." 331 F.3d at 1135. Specifically, the public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action.
>
> The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials. . . . Thus a "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions.
>
> In sum, we treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions.

*Id.* at 1180-81 (citations omitted).

The Court concludes that the "compelling reasons" standard applies here. Although defendants' filing is not in connection with a dispositive motion, Dr. Lundquist's compliance report is not fairly characterized as a "discovery document." More importantly, the Court-ordered compliance report directly relates to the underlying cause of action in these cases. Under the reasoning of *Kamakana*, the presumption of access attaches to this document unless defendants can establish compelling reasons for sealing. *See Rocky Mountain Bank v. Google, Inc.*, 428 Fed. Appx. 690, 692, 2001 WL 145832 (9th Cir. Apr. 15, 2011) (holding compliance report lodged with district court was "quintessential judicial document" and that "[a]bsent some further determination, the public would be entitled to access to" it).

The Court finds that defendants have not met this burden. Defendants conclusorily assert that the report contains confidential information about Abercrombie's interviewing and hiring process, but defendants do not identify with any specificity which portions of Dr. Lundquist's report, if any, contain non-public confidential information. As plaintiffs note, all of the parties' filings in connection with plaintiffs' August 28, 2009 enforcement action – including a 54 page report by Dr. Lundquist, a critique of that report by Sheldon Zedeck, and a 42 page decision by the Special Master – were filed publicly, and these public documents describe in detail Abercrombie's hiring and selection process. *See Kamahana*, 447 F.3d at 1184 (where information is already otherwise available to the public, it should not be sealed).

3

Accordingly, defendants' administrative motion is DENIED.  This order resolves Docket No. 234 in C 03-2817 SI; Docket No. 64 in C 04-4730 SI; and Docket No. 76 in C 04-4731 SI.

**IT IS SO ORDERED.**

Dated: March 5, 2012

SUSAN ILLSTON
United States District Judge